IN THE UNITED STATED DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

DOLORES BUSH-SEWELL,

      Plaintiff(s),                     NO.:

vs.

CAMCARE HEALTH CORPORATION and US DEPARTMENT OF HEALTH & HUMAN SERVICES,

      Defendant(s)

## COMPLAINT FOR NEGLIGENCE RESULTING IN PERSONAL INJURIES AND MONETARY DAMAGES

      **COME NOW** the Plaintiff, Dolores Bush-Sewell, by and through her attorneys, Morris Starkman, Esquire, and Alfred J. Tumolo, III, Esquire, and for their cause of action against the Defendants herein, state and allege as follows:

### JURISDICTION, VENUE AND JURY TRIAL REQUEST

      1.This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and the Plaintiff seeks damages in excess of $75,000.00.

      2.  Venue is proper in this district pursuant to 28 U.S.C. §1391(c).

      3.  Plaintiff requests trial by jury.

### THE PARTIES

      4.  Plaintiff, Dolores Bush-Sewell, is a resident of the City and County of Camden, State of New Jersey.

      5.  Defendant, Camcare Health Corporation (hereinafter referred to as "Camcare"), is a New Jersey corporation authorized to do business in the State of New Jersey and owns and operates a medical practice in Camden County, New Jersey.  It is also an agency funded by and under the jurisdiction of Defendant, United States Department of Health & Human Services

      6.  Upon information and belief, and at all times material hereto, John Doe(s) 1-10 and Jane Doe(s) 1-10 were employees, agents or servants of Defendant, Camcare, and were acting within the scope of their duties and

employment at the Camcare medical office for Defendant, Camcare. The full names or residency of these individuals are not known and they are therefore named herein in pseudonym.

## GENERAL ALLEGATIONS

7. On September 8, 2014, Plaintiff, Dolores Bush-Sewell, came to the Camcare office located at 817 Federal Street, Camden, New Jersey 08103 as a patient for her regular monthly check-up.

8. On said date, Plaintiff was escorted to an examination room and was helped to be seated on the examination table by an employee of Defendant, Camcare.

9. Plaintiff, Dolores Bush-Sewell, is legally blind and has been so for approximately 20 years. Defendant's medical personnel were aware of her blindness and physical limitations in regard thereto. She was escorted to the examination table by a nurse employed by Defendant, Camcare.

10. She was examined and had her regular check-up while seated on the examination table by Dr. William Knowles. Dr. Knowles was fully aware of the fact that Plaintiff was legally blind as he had treated and examined her several times during her regular monthly visits for approximately ten years.

11. Dr. Knowles then left the examination room and closed the door. Plaintiff was still seated on the examination table waiting for a nurse or medical assistant to come in to draw blood. The medical assistant came into the examination room, drew blood from Plaintiff, then left her in the examination room, on the examination table, with the door closed. Plaintiff was sitting there waiting for a nurse or medical assistant to help her get off of the examination table and exit the facility.

12. No one thereafter came in to help her off of the examination table. Plaintiff waited 20 to 30 minutes and still no one came in. She verbally called out for assistance and no one responded.

13. Wanting to leave the premises, Plaintiff attempted to remove herself from the examination table. As she attempted to step off of the examination table, her foot landed on the retractable step of the examination table, which she could not see, and therefore, believed that the step was the floor. As she put her other foot down, said foot missed the step, and she consequently fell and sustained severe injuries and damages, hereinafter set forth.

## NEGLIGENCE OF DEFENDANTS

14. All of the foregoing allegations are incorporated at this point as though fully set forth in detail.

15.   Defendant, Camcare, was under a duty to exercise care commensurate with the foreseeable risk of danger created by allowing Plaintiff to remain in a closed examination room, on an examination table, knowing that she was legally blind and unable to remove herself from the examination table and examination room without aid.

16.   The Defendant's employees, agents or servants, John Doe(s) 1-10 and/or Jane Doe(s) 1-10 were charge with the duty to exercise care commensurate with the reasonably foreseen risk of danger created and demonstrated by allowing Plaintiff to remain in a closed examination room, on an examination table, knowing that she was legally blind and unable to remove herself from the examination table and examination room without aid.

17.   Because of this dangerous condition whereby Plaintiff was allowed to remain in this examination room, on the examination table and unable to remove herself from the examination table, it is foreseeable that without help, if Plaintiff attempted to get off of the table on her own she could fall and be severely injured.

18.   Defendant, acting through John Doe 1-10 and Jane Doe 1-10, breached its duty and failed to exercise care commensurate with the reasonably foreseeable risk of danger to the Plaintiff as stated above.

19.   The Defendants were otherwise negligent and careless and otherwise deviated from generally accepted medical standards in the treatment of Plaintiff, Dolores Bush-Sewell.

20.   All acts as alleged to have been done by the employees, agents or servants of the Defendant, CamCare, and were done with in the scope of their duties or employment, contract, agency, or apparent agency.

21.   All acts complained of herein were authorized, participated in, or ratified by Defendant, Camcare, or their administrators, managers, supervisors, officers or directors, as well as Defendant, United States Department of Health & Human Services.

22.   As a direct and proximate result of the negligent acts as set forth above.  Plaintiff, Dolores Bush-Sewell, suffered personal injuries, including but not limited to a disc herniation at C7-T1 with nerve root impingement; disc herniation at C6-7 impinging upon anterior thecal sac and narrowing the right neural foramen; bulging discs at C2-3, C4-5 and C5-6; disc herniation at L5-S1; bulging discs at T12-L1 through L4-5; left shoulder rotator cuff tendinitis with areas of tears of supraspinatus, infraspinatus and subscapularis, probable labral tear, bursitis, possible small fracture of inferior glenoid and biceps tendinopathy; left knee chondromalacia and mild patella tilt and small joint effusion; cervical, thoracic and lumbar sprain and strain; and left hip sprain and strain, all of which required medical intervention and treatment, and she has suffered pain, suffered agony, and has

suffered mental anguish; and upon information and belief, she will continue to suffer the same in the future, all to her damage in a sum as may be proven at trial of this cause.

23.  As a further direct and proximate result of the negligent acts of Defendant, Camcare, or its agents, employees or servants, Plaintiff, Dolores Bush-Sewell, incurred and became responsible for medical expenses, including the costs of various hospital and medical services, all in a sum of $19,217.00, plus health insurance liens totaling at least $681.20 and, as she is informed and believes, she will in the future incur medical expenses for care and treatment of her injuries, and the consequences thereof in a sum as may be proved at the trial of this cause.

24.  As a further direct and proximate result of the negligent acts of Defendants, Camcare, or its agents, employees or servants, Plaintiff, Dolores Bush-Sewell, has lost her ability to fully perform household services in the past and has lost her ability to perform household services in the future on a permanent basis, all to her damage in such a sum as may be proven at the trial of this cause.

25.  As a further direct and proximate result of the negligent acts of Defendant, Camcare, or its agents, employees or servants, Plaintiff, Dolores Bush-Sewell, has incurred hedonic damages and has lost the enjoyment and quality of life, and, as she is informed and believes, will continue to suffer hedonic damages and to lose enjoyment and quality of life in the future on a permanent basis, all to her damage in such a sum as may be proven at the trial of this cause.

WHEREFORE, Plaintiff, Dolores Bush-Sewell, prays for Judgment in her favor and against the Defendant as follows:

A.  For such compensatory damages occasioned by the negligent conduct of Defendant as may be proved at the trial of this cause;

B.  For her past and future medical expenses incurred and to be incurred;

C.  For her lost household services;

D.  For her loss of enjoyment and quality of life;

E.  For the costs of suit incurred herein;

F.  For pre-judgment and post-judgment interest, at the rate allowed by law, on all such amounts awarded from the date of filing this Complaint and after judgment is entered; and

G.      For such other and further relief as the Court deems proper.

Respectfully Submitted,


_____
MORRIS STARKMAN, ESQUIRE
1939 E. Route 70, Suite 210
Cherry Hill, NJ 08003
(856)424-7277
Fax:  (856)424-3146
Email: Info@starkmanfirm.com

DATED:  August 31, 2016